IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. SHAWN PETRENKO #R-13864, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 11 C 1356 |
| MARCUS HARDY, Warden, | ) ) | |
| Respondent. | ) | |

<u>MEMORANDUM ORDER</u>

This Court has received respondent's Answer and supporting materials, tendered in compliance with this Court's directive in this 28 U.S.C. §2254[1] proceeding instituted by pro se petitioner Shawn Petrenko ("Petrenko"). But before it turns to Petrenko's Petition and the Answer in substantive terms, this Court has taken a sua sponte look at the timeliness of the Petition under Section 2244(d)--a power confirmed by the Supreme Court in <u>Day v. McDonough</u>, 547 U.S. 198, 209-11 (2006). That review of the multistep process during which Petrenko sought direct review and then post-conviction review in the state court system reveals that he has succeeded in meeting the one-year statute of limitations prescribed by Section 2244(d)(1)--with the aid of the tolling provision of Section 2244(d)(2)--by something just under one-half month.

With the Petition's timeliness having been confirmed, this

---

    [1] All further references to Title 28's provisions will simply take the form "Section--."

memorandum order turns to matters of substance. In that respect the Answer asserts that each of the three claims now raised by Petrenko is barred by procedural default. Under Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts, Petrenko may submit a reply to the Answer. This Court grants him until June 13, 2011 to do so, after which it will rule on the Petition--or if no timely reply is submitted, the ruling will be based on the Petition, the Answer and this Court's independent review.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 12, 2011