IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
SHAWN PETRENKO #R-13864,        )
                                )
          Petitioner,           )
                                )
     v.                         )   No.  11 C 1356
                                )
MARCUS HARDY, Warden,           )
                                )
          Respondent.           )

## MEMORANDUM OPINION AND ORDER

In accordance with the second extension granted by this Court for that purpose, Illinois prison inmate Shawn Petrenko ("Petrenko") has just filed his "Reply to Respondent's Answer to Petitioner's Petition for Writ of Habeas Corpus." Petrenko's 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition") had asserted three claims, to which Warden Marcus Hardy's Response had advanced two procedural default arguments, one relating to Petrenko's first claim and the second undermining Petrenko's other two claims. This memorandum opinion and order finds Warden Hardy's position totally convincing.

As for Petrenko's Claim A, which asserts prosecutorial impropriety in the course of closing argument at the end of Petrenko's criminal trial, Warden Hardy's response has pointed to

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

the Illinois Appellate Court's decision on direct appeal,[2] which employed "a firmly established and regularly followed state procedure" (Franklin v. Gilmore, 188 F.3d 877, 882 (7th Cir. 1999)(internal quotation marks omitted)) in applying plain-error review because Petrenko's trial counsel had failed to include the issue in his motion for a new trial (see, e.g., Gomez v. Jaimet, 350 F.3d 673, 677-78 (7th Cir. 2003) and Whitehead v. Cowan, 263 F.3d 708, 726-27 (7th Cir. 2001)). Because that decision rested on a state law ground that was independent of the federal question and adequate to support the judgment (the test prescribed by Coleman v. Thompson, 501 U.S. 722, 730 (1991)), it is impervious to federal habeas review. Hence Petrenko loses that claim because of procedural default.

Although it is difficult to classify any one type of procedural default as more fundamental than others, the flaw that defeats Petrenko's other two claims may fairly be thought of as the most basic of all. Both Claim B (which asserts that Petrenko's trial counsel had failed to preserve for appellate review his argument that the prosecutor had mischaracterized testimony by witness Barbara Eastman) and Claim C (which asserts that Petrenko's counsel on direct appeal was ineffective for having failed to raise four grounds for relief) share the defect

---

[2] That court was the last court to rule on the substantive merits of the claim.

that neither was raised in one complete round of direct or post-conviction review. That flunks the test prescribed by O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), which requires a federal habeas petitioner to have given the state courts a full and fair opportunity to review a federal constitutional claim (see, e.g., Guest v. McCann, 474 F.3d 926, 930 (7th Cir. 2007)).

Thus the procedural default concept defeats all three of Petrenko's claims. And the last nail in his procedural coffin is that Petrenko has understandably made no effort to invoke the potential exceptions of (1) cause-and-actual-prejudice regarding the defaults or (2) a consequent fundamental miscarriage of justice (see Coleman, 501 U.S. at 750).

In sum, Petrenko's reply has left his Petition in a position that plainly calls for its dismissal, and this Court so orders. And relatedly, pursuant to Rule 11 (a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court denies a certificate of appealability because it cannot find "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" (Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: August 17, 2011